IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JILL MERRIAM, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**DOMINION CAPITAL MORTGAGE INC.**, a Virginia corporation,<br><br>*Defendant.* | CASE NO.   3:17-cv-107<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES PURSUANT TO 47 U.S.C. § 227,** *et seq.* **(TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jill Merriam ("Plaintiff" or "Merriam") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Dominion Capital Mortgage Inc. ("Defendant" or "Dominion Capital Mortgage") to stop Dominion Capital Mortgage's practice of making unsolicited autodialed telephone calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant Dominion Capital Mortgage is a mortgage lender based in Richmond, Virginia.

2. Unfortunately for consumers, Defendant Dominion Capital Mortgage casts its marketing net too wide. That is, in an attempt to promote Dominion Capital Mortgage's business

1

and services, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the making of repeated unsolicited autodialed telephone calls to consumers' cellular telephones—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3. By making the autodialed telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance, lost time, and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their cellular telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans. Furthermore, Defendant made the calls knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access their cellular telephones, including the related data, software, and hardware components.

4. The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Jill Merriam is a natural person and citizen of the Commonwealth of Virginia, residing in Richmond County, in this District.

6. Defendant Dominion Capital Mortgage is a corporation organized and existing under the laws of the Commonwealth of Virginia with headquarters located at 3900 Westerre Parkway, Suite 100, Richmond, Virginia 23233. Defendant Dominion Capital Mortgage conducts business throughout the Commonwealth of Virginia and this District.

## JURISDICTION AND VENUE

7. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

8. This Court has personal jurisdiction over Dominion Capital Mortgage because it is registered to conduct business in the Commonwealth of Virginia, it conducts significant amounts of business transactions within this District, and the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because both Plaintiff and Defendant Dominion Capital Mortgage reside in this District and the causes of action arose, in substantial part, in this District.

## COMMON FACTUAL ALLEGATIONS

10. Defendant is a mortgage lender based in Richmond, Virginia.

11. While certain types of calls may be within the letter of the law when placed to landline ("wireline") telephones, the same calls to cellular ("wireless") telephones violate the TCPA where they are made without prior express consent of the called party.

12. Yet in violation of the law, Dominion Capital Mortgage fails to obtain any prior express consent to make these autodialed calls to cellular telephone numbers.

13. In placing the calls that form the basis of this Complaint, Defendant Dominion

3

Capital Mortgage utilized an automatic telephone dialing system ("ATDS") in violation of the TCPA. Specifically, the hardware and software used by Dominion Capital Mortgage has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Dominion Capital Mortgage's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention). In fact, a full-time employee of Dominion Capital Mortgage has written, "There is a dialer system that calls the 10,000+ leads that are in the database, and a few dozen co-marketing arrangements..."[1]

14. When placing these calls to consumers, Dominion Capital Mortgage failed to get prior express consent as required by the TCPA from cellular telephone owners/users to make such calls.

15. Finally, even when consumers try to opt out of future calls by requesting to never be called again, Defendant continues to call them.

16. Defendant knowingly made (and continues to make) telemarketing calls without the prior express consent of the call recipients and knowingly continues to call them after requests to stop. As such, Defendant not only invaded the personal privacy of Plaintiff and other members of the putative Classes but also intentionally and repeatedly violated the TCPA.

---

[1] https://www.glassdoor.com/Reviews/Employee-Review-Dominion-Capital-Mortgage-RVW5647143.htm

## FACTS SPECIFIC TO PLAINTIFF JILL MERRIAM

17. On September 19, 2016 at 3:29 PM Plaintiff Merriam received an auto-dialed call on her cellular telephone from 804-915-8418. When Plaintiff answered, there was silence followed by a beep and then the line went dead.

18. Plaintiff received a second auto-dialed call on September 20, 2016 at 9:22 AM from 804-915-8418. Again, there was silence, followed by a beep and then the line went dead.

19. Later on September 20, 2016 at 12:59 PM Plaintiff received another call from 804-915-8418. This time she got to speak with one of Defendant's agent who said he was calling about a mortgage. Plaintiff told Defendant's agent that she already had a loan officer and not to call her again.

20. Despite Plaintiff's request for the calls to stop, she received another call on September 20, 2016 at 5:03 PM from 804-915-8418 which she again answered. There was silence, followed by a beep and then the line went dead again.

21. Plaintiff received a fifth auto-dialed call on her cellular telephone at September 21, 2016 at 9:04 AM from 804-915-8418.

22. Plaintiff was so frustrated at receiving these calls that on September 21, 2016 she called back the phone number 804-915-8418 and again asked Defendant to stop calling her and again stated that she was not interested in their services.

23. At no time did plaintiff consent in writing or orally to receive auto-dialed calls on her cellular phone from Dominion Capital Mortgage. In fact, she had not been looking and is not interested in obtaining a mortgage.

24. Plaintiff does not have a relationship with Dominion Capital Mortgage, has never provided her telephone number to Defendant, and has never requested that Dominion Capital

5

Mortgage place calls to her or offer its loans or services. Simply put, Plaintiff has never provided any form of prior express consent to Defendant to place calls to her and has no business relationship with Defendant.

25. Defendant at all times is and was aware that the above-described autodialed telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them.

26. By making unauthorized autodialed calls to consumer's cellular telephones as alleged herein, Dominion Capital Mortgage has caused consumers actual, concrete harm and annoyance. In the present case, a consumer could be subjected to many unsolicited autodialed telephone calls as Dominion Capital Mortgage's opt-out system does not work.

27. In order to redress these injuries, Plaintiff, on behalf of herself and the Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones.

28. On behalf of the Classes, Plaintiff seeks an injunction requiring Dominion Capital Mortgage to cease all unauthorized autodialed telephone calling, declaratory relief establishing that Defendant's calls violated the TCPA, and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees, to be paid into a common fund.

## CLASS ALLEGATIONS

29. Plaintiff Merriam brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and two classes defined as follows:

> **Autodialed No Consent Class**: All persons in the United States who from the four years prior to the filing of the Complaint to the present (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone number, (3) for the purpose of marketing Defendant's products and

services, (4) using the same equipment that was used to call Plaintiff, and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

**Autodialed Stop Call Class**: All persons in the United States who from the four years prior to the filing of the Complaint to the present (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone number, (3) for the purpose of marketing Defendant's products and services, (4) after the person informed Defendant that s/he no longer wished to receive calls from Defendant.

30. The following people are excluded from the Classes: any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiff anticipates the potential need to amend the Class Definitions following the completion of class discovery regarding the size and scope of the Classes and the manner by which Defendant claims it obtained prior express consent and made the calls.

31. **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant Dominion Capital Mortgage, made telephone calls to hundreds or thousands of consumers who fall into the definition of the Classes. Members of the Classes can be easily identified through Dominion Capital Mortgage's records and by reference to objective criteria.

32. **Commonality**: There are several questions of law and fact common to the claims of Plaintiff and the Classes on which every class member's claim will either succeed or fail, and

which will be proven using common evidence. Such common questions for the Classes include, without limitation:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant systematically made telephone calls to individuals who did not provide Defendant and/or its agents with their prior express consent to receive such phone calls;

    (c)    Whether Defendant made the calls with the use of an ATDS;

    (d)    Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and

    (e)    Whether Defendant systematically made telephone calls to consumers after they explicitly asked not to be called from Defendant.

33. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff is a member of the Classes, and if it violated the TCPA to call Plaintiff then it violated the TCPA to call the other class members. Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Classes.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

35. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure

compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Classes as respective wholes. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as respective wholes, not on facts or law applicable only to Plaintiff.

36. **Predominance:** The common questions of law and fact set forth above predominate over any individual issues. Whether Defendant properly obtained prior express consent to call and whether Defendant used an ATDS go to the very heart of the case and are facts on which all class members' claims hinge. As such, the common issues predominate over any supposed individualized issues.

37. **Superiority and Manageability**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the Autodialed No Consent Class)

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. Defendant made unsolicited and unwanted autodialed telephone calls to telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class—without their prior express consent.

40. Defendant's calls were made for the purpose of marketing Defendant's mortgage lending services.

41. At no time did Defendant obtain any oral consent or any written consent that disclosed to the called party that the called party consented to be called with an automatic telephone dialing system or pre-recorded voice or that providing such consent was not a condition (direct or indirect) of any purchase of any goods or services.

42. Further, Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Autodialed No Consent Class simultaneously and without human intervention.

43. By making unsolicited telephone calls to Plaintiff and members of the Autodialed No Consent Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

44. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each

entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

45. In the event that the Court determines that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

### SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the Autodialed Stop Call Class)

46. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

47. Defendant made unsolicited and wanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Autodialed Stop Call Class on their cellular telephone *after* the person had informed Defendant that s/he no longer wished to receive such calls from Defendant. As such, any consent had been revoked.

48. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

49. By making unsolicited telephone calls to Plaintiff and members of the Autodialed Stop Call Class's cellular telephones after they requested to no longer receive calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by continuing to call them without prior express consent.

50. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed Stop Call Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each such violation of the TCPA.

51. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages

recoverable by Plaintiff and the other members of the Autodialed Stop Call Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jill Merriam, individually and on behalf of the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff Jill Merriam as the representative of the Classes and appointing her counsel as Class Counsel;

2. A declaratory judgment declaring that Defendant's calls violated the TCPA, that Defendant's equipment constitutes an automatic telephone dialing system under the TCPA, that Defendant failed to obtain prior express consent to call Plaintiff or any of the Class members, and that Defendant failed to honor stop-call requests to Plaintiff and the members of the Class;

3. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, to be trebled in the event the Court finds that Defendant has acted knowingly and willfully, to be paid into a common fund for the benefit of the Plaintiff and the other Class Members;

4. An injunction requiring Defendant and its agents to cease all unsolicited telephone calling activities, to honor do not call requests, to provide a domestic number for opting out, and otherwise protecting the interests of the Classes;

5. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express consent to receive calls made with such equipment;

6. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

7. An award of reasonable attorneys' fees and costs to be paid from the common fund; and

8. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**JILL MERRIAM**, individually and on behalf of all others similarly situated,

Dated: February 2, 2017

By: /s/ Frank J. Driscoll, Jr.
One of Plaintiff's Attorneys

Frank J. Driscoll, Jr., Esquire (VSB #45325)
frank@driscolllawoffice.com
Law Office of Frank J. Driscoll, Jr., PLLC
4669 South Boulevard, Suite 107
Virginia Beach, VA 23452
Telephone: (757) 321-0054
Facsimile: (757) 321-4020

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Stefan Coleman*
law@stefancoleman.com
Adam T. Savett*
adam@stefancoleman.com
Law Offices of Stefan Coleman, P.A.
201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Attorneys for Plaintiff and the Classes

*Pro Hac Vice* Admission to Be Sought